(21 Misc. Rep. 55.)

### AMERICAN GAS–CONTROL CO. v. VON RAITZ.

(Supreme Court, Appellate Term. July 29, 1897.)

CONTRACTS—CONSTRUCTION.

Plaintiff supplied defendant's house with a gas governor, to be paid for if, by an actual time test, first with the governor and then without it, it was "demonstrated" that the governor saved 20 per cent. of the gas consumed; otherwise the governor was to be removed free of expense to defendant. *Held*, that defendant was entitled to witness the test before being bound by the result.

Appeal from Third district court.

Action by American Gas-Control Company against Feodor Von Raitz. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hastings & Gleason, for appellant.

Lewis M. White, for respondent.

BISCHOFF, J. The plaintiff installed a gas governor in the defendant's dwelling house, for which the defendant agreed to pay the sum of $25, provided that the machine should effect a saving of from 20 to 40 per cent. of the gas consumed, this saving "to be demonstrated by an actual time test of the same burners, consuming an equal number of cubic feet of gas with and without governor, under full street pressure. Failing to record above saving, the machine to be removed free of expense." The defendant refused to accept the machine, and it was removed by the plaintiff, who brought this action for the agreed price, claiming that the refusal to accept was not justified, and that the apparatus had fulfilled the requirements upon such a test as the agreement called for. The sole point at issue was whether or not the machine had been subjected to a trial, and had given the required results; and but one witness was called by each side,—the plaintiff's inspecting agent, and the defendant himself. The plaintiff's agent testified that he called at the defendant's residence, and made two tests of the machine in the presence of a servant of the defendant, designated by the latter to witness the test; that the outcome was satisfactory, showing a saving of gas of 25 to 28 per cent., and that the result was noted upon slips signed by the defendant's servant. On the other hand, the defendant's testimony was that the plaintiff's agent made a trial of the gas consumed with the governor in operation, but refused to remove the machine from the gas pipe, and thus make a comparative test satisfactory to defendant, who did not feel assured that a fair test would be made otherwise. The plaintiff's agent wished to record the result for comparison after turning off the gas from the machine, but the defendant's objection was that he could not be sure of the test unless the machine were removed, since it might have concealed "some trick or device." He testified that, after refusing to remove the machine, the plaintiff's agent made no test of it, and, further, that he had not authorized his servant to witness any trial of the apparatus. Here there was simply a conflict of evidence as to whether or not a test was made, and

the justice was led to credit the defendant, and thus to determine the issue in his favor,—a° well-authorized result, which it is not for this court to disturb.

It is claimed by the appellant that the agreement did not entitle the defendant to the presence of a witness at the test, and that, even if the servant was not authorized to witness the trial testified by the agent to have been made, the defendant was bound by the result in any event. The defendant's testimony was, indeed, to the effect that there had been no trial at all, but, as we construe the agreement, he was certainly not concluded by a test of which he, or some person delegated by him, was not an observer. The contract provided that the saving of gas should be "demonstrated" by the test, and the reasonable interpretation of this is that the demonstration should be extended to the consumer of the gas, and not be limited in its scope to the secret edification of the agent. Whether the defendant's request that the machine should be removed for the purposes of the test was reasonable or not it is unnecessary to determine, since the testimony was that the agent refused to make the test at that time, and it does not appear that the refusal was called for by the defendant's attitude. It is contended that the defendant's testimony was vague and ambiguous, but to us it seems sufficiently clear; and so, apparently, it seemed to counsel upon the trial, since the witness was subjected to no cross-examination. The matter was simply one of fact, presenting no ground for our disapproving the justice's conclusion, and the judgment should be affirmed, with costs. All concur.